IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN C. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-CV-393-DES |
| ) | |
| SEMINOLE POLICE DEPARTMENT and ) | |
| SEMINOLE COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on Defendant Seminole Police Department's (herein after "Defendant") Motion to Dismiss pursuant to Fed. R. Civ. P. 4 and 12(b)(6). (Docket No. 19). For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

I.     Background

On July 11, 2025, Plaintiff filed a Complaint against Defendant alleging "violation of Civil Rights." (Docket No. 1). Plaintiff initially filed his lawsuit in the United States District Court for the Western District of Oklahoma; however, Plaintiff's cause of action appears to stem from events allegedly occurring within the County of Seminole, and Plaintiff has not identified any relevant events occurring within the territorial boundaries of the Western District Court; accordingly, Defendant filed a Motion to Transfer Venue this case from the Western District to the Eastern District. (Docket No. 19 at 2). On November 6, 2025, Defendants filed their Motion to Dismiss for failure to properly serve Defendants pursuant to Fed. R. Civ. P. 4 and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Docket No. 19). Plaintiff did not file a response to this Motion to Dismiss.

1

II.     Analysis

On a Motion to Dismiss, the court must decide whether Plaintiff has alleged "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

Plaintiff's Complaint lacks any factual allegations to support an underlying cause of action. (*See* Docket No. 1). While Plaintiff seems to be alleging a violation under 42 U.S.C. § 1983, he does not indicate what was done to him that would constitute a violation. *Id.* at 3. Plaintiff, while making allegations of being "harassed" and "racially profiled" by an unnamed Seminole Police Officer, fails to allege what federal constitutional right he feels was violated. *Id.* Furthermore, Plaintiff fails to allege how Defendant acted under the color of the law. *Id.* at 5. Under § 1983, liability attaches only to conduct occurring "under color of law." 42 U.S.C. § 1983. Thus, the only proper defendants in a § 1983 claim are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *Nat'l Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape,* 365 U.S. 167, 172 (1961). It is well-established that, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Instead, "it is when execution of a government's policy or custom, whether made

by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy inflicts the injury that the government as an entity" is responsible under § 1983. *Id.* Thus, to establish municipal liability a plaintiff must first demonstrate a "municipal policy or custom," which may take one of the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law: (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions- and the basis for them- of subordinates to whom authority was delegated subject to these policymakers review and approval; or (5) the failure to adequately train or supervise employees so long as that failure results from deliberate indifference to the injuries that may be caused.

*Waller v. City & Cnty of Denver*, 932 F.3d 1277, 1283 ( 10th Cir. 2019). Plaintiff's Complaint is completely devoid of any allegation of a municipal policy or custom that would make a § 1983 action cognizable against Defendant. Finally, Plaintiff fails to include sufficient facts to state a claim of relief that is plausible on its face. Rather, Plaintiff only includes threadbare recitals and conclusory statements that are not sufficient under the law to give Defendant fair notice of what his claims are nor the grounds upon which they rest.[1]

Additionally, Defendants argue that Plaintiff failed to comply with Fed. R. Civ. P. 4(c)(2) regarding service of process. Under Rule 4(c)(2), "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). The filed "Proof of Service" indicates that Plaintiff himself personally serviced the summons on the Seminole County Sheriff Department. (Docket No. 7). Plaintiff is the only one who signed the proof of summons. *Id.* Accordingly, Plaintiff has failed to comply with Fed. R. Civ. P. 4(c)(2) and this Court lacks

---

[1] While Defendant did not raise these issues or request dismissal for failure to state a claim for on jurisdictional grounds, the Court reviews this matter under 28 U.S.C. § 1915 (e)(2)(B), which notes: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that it fails to state a claim on which relief may be granted."

jurisdiction over Defendants and dismissal is warranted. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987)). Dismissal can be granted where Plaintiff fails to comply with the requirements of Rule 4, as is the case here. *See Reading v. U.S.*, 506 F. Supp. 2d 13 (D.D.C. 2007) (holding that, by effectuating service on a defendant personally, a pro se plaintiff violated Rule 4 requiring that service be made by any person who was not a party).

Furthermore, Plaintiff does not indicate the amount in controversy he is claiming, a requirement for diversity jurisdiction. 28 U.S.C. § 1332(a). Plaintiff's only request for relief is "pain and suffering" and having to "look over [his] shoulder like [] a criminal again". (Docket No. 1 at 4). The Court finds no allegation in Plaintiff's Complaint that would allow this Court to reasonably infer the plausibility of any claim, additionally any alleged harassment or racial profiling would fall under a violation of state law for which this Court lacks jurisdiction. Accordingly, Plaintiff's Complaint is dismissed for failure to state a claim and lack of jurisdiction.

The Court recognizes that Plaintiff has attempted to Amend his Complaint.[2] (Docket No. 23). Plaintiff, however, filed his Amended Complaint without leave of this Court as required by Fed. R. Civ. P. 15 and LCvR 7.1. Defendant filed a Motion to Strike Plaintiff's Amended Complaint, along with additional filings.[3] (Docket No. 24). While the Amended Complaint does allege an amount in controversy that the original Complaint lacked, the underlying causes of action

---

[2] Plaintiff did not file a Response to the Motion to Dismiss in accordance with LCvR 7.1(d). His deadline to do so was on November 20, 2025, which was the date he filed his Amended Complaint instead. However, no Response or request additional time to file a Response was submitted.

[3] Defendant also seeks to Strike Plaintiff's "Supplemental filings" which look to be "supporting documents" to Plaintiff's Complaint but consist mainly of photographs of vehicles and their license plates, smart phone screenshots with no decipherable purpose, and photos of unidentified people taken from a doorbell or home security camera. (Docket Nos. 3, 4, 5, 13, and 14). None of these documents are helpful to the Court nor do they sufficiently support Plaintiff's allegations. Accordingly, these documents are stricken as improper filings.

and factual statements continue to be threadbare recitals and conclusory statements that are not sufficient under the law to give Defendant fair notice of what his claims are nor the grounds upon which they rest. Furthermore, the filing of an Amended Complaint does not cure the deficient service of process. Accordingly, Defendant's Motion to Dismiss (Docket No. 19) and Defendants Motion to Strike (Docket No. 24) are GRANTED.

Finally, because Plaintiff brings the same claims against Defendant Seminole Police Department, the Court *sua sponte* dismisses those claims for failure to state a claim. A "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma,* 925 F.2d 363, 364 (10th Cir. 1991). Moreover, courts may dismiss an action *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon,* 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to the 'inarguable legal conclusion' and 'the fanciful factual allegation.'" *Id.* quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). *Sua Sponte* dismissal is appropriate only where it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing [them] an opportunity to amend [their] complaint would be futile." *McKinney,* 925 F.2d at 364. Here, even construing Plaintiff's Complaint liberally, as the Court is required to do, it finds that Plaintiff has failed to state a claim upon which relief can be granted and his arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States,* 919 F.2d 1440, 1448 (10th Cir. 1990). Indeed, it is difficult to decipher Plaintiff's claims. Moreover, providing Plaintiff an opportunity to amend his Complaint would be futile. Therefore, in addition to granting Defendant City of Seminole Police Department's Motion to Dismiss, the Court *sua sponte* dismisses Plaintiff's claims against Defendant Seminole County Sherriff's Office.

III.  Conclusion

Plaintiff's Complaint fails to state any plausible claim for relief and has not established a basis for this Court's jurisdiction. The Complaint contains no factual allegations identifying a specific constitutional right allegedly violated, no facts showing that Defendant acted under color of the law, and no allegations of a municipal policy or custom sufficient to support liability under § 1983. Plaintiff also failed to effectuate service as required by Fed. R. Civ. P. 4 depriving this Court of personal jurisdiction over Defendant. Although Plaintiff attempted to amend his Complaint, the amendment was filed without leave of court and remains substantively deficient, offering only conclusory assertions and failing to cure the service defect. Plaintiff has not met the pleading standards of *Twombly* and *Iqbal* and has not complied with the procedural requirements necessary to confer jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Docket No. 19) is hereby GRANTED and Defendant's Motion to Strike (Docket No. 24) is GRANTED.

**IT IS FURTHER ORDERED** that the Court hereby *sua sponte* dismisses Plaintiff's claims against Defendant Seminole County Sherriff's Office.

This action is hereby terminated.

DATED this 11th day of February, 2026

_____
D. Edward Snow
United States Magistrate Judge